## Commonwealth v. Straub.

*Parent and child—Maintenance and support—Divorce of parents—Remarriage—Liability of stepfather for support.*

1. Where the parents of minor children are divorced and the mother, who has retained custody of the children, has remarried, the responsibility of the stepfather for support and maintenance of such children turns upon the contractual relations of the parties at the time of marriage.

2. If at the time of the marriage the stepfather takes into his home his wife's children by a former husband, with the intention of adopting them as his own, and supports, maintains and educates them and in turn accepts such services as they are able to render, by so doing he relieves the natural father from any liability for their support.

3. Where there is no such contractual relation on the part of the stepfather, but a continued insistence upon his part and on the part of the mother that the natural father shall continue to contribute to the expense of maintenance and support of his children, the court will refuse to grant the prayer of a petition by the natural father for relief from an order of court requiring him to make such contribution.

Petition to vacate order of support. Q. S. Cambria Co., Sept. Sess., 1919, No. 151.

Before Evans, P. J., McCann, J., and Reed, P. J., Orphans' Court, specially presiding.

*Alvin Sherbine*, for petitioner; *W. Stephen Mayor*, for respondents.

REED, P. J., Orphans' Court, specially presiding, June 1, 1925.—This proceeding arose out of a petition of Louis Straub, said petition setting forth that he was formerly married to Wilma Straub and that two girls were born to that union, namely, Hildagard Catherine Straub, age fifteen, and Clara Straub, age twelve; that on March 4, 1919, upon the libel of the petitioner, an absolute divorce was granted by the Court of Common Pleas of Cambria County, separating the petitioner and the said Wilma Straub; that at the time the divorce was granted the said Wilma Straub, the mother, retained the custody of the aforesaid children; that prior to the time of the divorce, sometime in 1917, an order had been made by the Court of Quarter Sessions directing the petitioner to pay Wilma Straub for the support and maintenance of said minor children the sum of $25 a month; that the said Wilma Straub, the mother of said minor children, has since intermarried with Ferdinand

Dimpfl, and that said minor children have been taken into the home of said Ferdinand Dimpfl, the stepfather; that they are part of his household and have adopted the name of said Dimpfl and are no longer recognized and known as the children of the petitioner; that the said Wilma Dimpfl and Ferdinand Dimpfl · (stepfather) have now and are entitled to the services of the said minor children, and that the petitioner believes that he is released from the further obligation of maintaining, supporting and educating the said children. The petitioner further avers that he is unable to make said payment of $25 a month, and, therefore, asks the court to vacate said order requiring him to make these payments for the support and maintenance of his children.

After this petition had been presented, counsel representing the petitioner and the respondent agreed upon the following facts:

1. That the said parties are residents of Cambria County, Pennsylvania.

2. That at September Sessions, 1917, the court made an order, directing Louis Straub to pay the sum of $25 per month for the support of Hildagard Straub and Clara Straub, now aged respectively fifteen years and twelve years.

3. That on March 4, 1919, on the petition of Louis Straub, the father of said minor children, an absolute decree in divorce was signed by the Court of Common Pleas of Cambria County, divorcing and separating the said Louis Straub and Wilma Straub, the parents of the aforesaid minor children.

4. That thereafter, on or about the latter part of December, 1919, the said Wilma Straub and Ferdinand Dimpfl were married, and since said marriage have lived together as husband and wife.

5. That upon the marriage of the said Wilma Straub, the mother of said minor children, and the said Ferdinand Dimpfl, the said children were taken into the home and have since resided with the said Ferdinand Dimpfl, the stepfather, and Wilma Straub Dimpfl, the mother. That said children are a part of said household, and from there attend the public schools under the name of Dimpfl, the surname of the said Ferdinand Dimpfl, the said stepfather; that the said Hildagard Dimpfl and Clara Dimpfl are enrolled in said public schools as aforesaid and are known in the community and among their associates under the name of Dimpfl.

6. That since the marriage of Wilma Straub and Ferdinand Dimpfl, Hildagard Straub, now known as Hildagard Dimpfl, was duly confirmed in the Lutheran Church in Morrellville under the name of Straub.

7. It is further agreed that the said minor children are now in the home of Wilma Straub Dimpfl and Ferdinand Dimpfl, and constitute and are a part of said home and household; that the said Wilma Straub Dimpfl and Ferdinand Dimpfl have the actual control, custody and companionship of said minor children.

It is contended on the part of Louis Straub that, under the above state of facts, the stepfather having received said children into his home, and having made them a part of the same, and having the custody, control and companionship of said minor children, the primary liability for their maintenance and support rests with Ferdinand Dimpfl and Wilma Straub Dimpfl, the stepfather and mother of said minor children.

Briefs were filed by attorneys representing the petitioner and the respondent, and a careful study of the authorities cited in these briefs brings us to the conclusion that the case must turn upon the contractual relations of the parties at the time of the marriage of Ferdinand Dimpfl to Wilma Straub, the divorced wife of Louis Straub, and whether or not, after the marriage, there was either an express or implied contract on the part of the husband to

maintain and support his wife's children to a former husband. That is to say, all of the authorities are to the effect that if, at the time of the marriage, the stepfather takes into his home the children of his wife to a former husband with the intention of adopting them as his own children, and supports, maintains and educates said children, and, in turn, accepts such services to himself and his wife as they are able to give to him and his wife, by doing so he relieves the natural father from any liability for the support of said children, and, once having thus accepted and adopted said children into such family relationship, he cannot afterwards deny or avoid the responsibility of keeping and maintaining them. "The divorce of the husband and wife does not relieve the parents of the liability of the support of the minor children of the marriage, and the duty of the parent is the same after divorce as before, when nothing is said in the decree as to the custody of the children. So the husband remains liable for the support of the children living with the mother after the divorce:" 29 Cyc., 1609; 19 Corpus Juris, 353.

It is true that it is held in the case of Fitler v. Fitler, 33 Pa. 50, that "A mother who has deserted her husband, retaining her child in her own custody, cannot, after a divorce obtained by the husband on the ground of such desertion, maintain an action against him for the support and maintenance of the child." In that case a claim was presented by the mother for expenses incurred by her for having supported her children, and, therefore, the matter in controversy was purely a question between the divorced wife and her husband. In this case, however, the court is not interested in any of the parties save the minor children, who must be maintained and supported either at the expense of their father or their stepfather.

The agreed facts in this case do not disclose that the stepfather ever received and adopted these minor children of his wife to a former husband with a view of maintaining and supporting them, thus relieving their father of that responsibility. On the contrary, it would appear that the stepfather did not so agree, either expressly or impliedly, for the reason that at no time has he or the mother of the children excused the father from maintaining his children. On the contrary, they have been constantly demanding the sum from the father which the court ordered in its decree to be paid for their support and maintenance.

The case of Duffey et al. v. Duffey, 44 Pa. 399, cited by the petitioner, was also a case where the grandparents brought suit to recover for the maintenance of grandchildren from the estate of their father, and it was there held that there could be no recovery unless there was proof of a contract and an express promise on the part of the father to pay for it, the court there indicating that at the time the grandfather took the children into his home he did so with the idea of adopting them, and that the maintenance and support given the children were in lieu of the services rendered by said children to the grandparents.

In the case of Lantz v. Frey et ux., 14 Pa. 201, it is said: "A female living with her stepfather while in her minority is not entitled, after arriving at full age, to recover from him wages for services rendered without proof of a contract, express or implied. Such a contract will not be implied, as to one standing in loco parentis, merely from the fact of such service having been thus rendered."

Again, that case does not rule the case at bar, for the reason that there is neither an express nor an implied contract that any wages should be paid to the stepdaughter, and the whole relationship during the time the stepdaughter remained with her stepfather was that of parent and child, but in the present

Commonwealth v. Straub.

case the attitude of the stepfather and the mother of these children in demanding the father to support them negatives the idea of the adoption of these children into his family with the view of maintaining and supporting them.

Therefore, the court finds as a fact that there was no such adoption on the part of Ferdinand Dimpfl of these children as would create the relationship of parent and child and place upon him the burden of supporting them, thus relieving the natural father of their support and maintenance, and for that reason the prayer of the petitioner is denied.

And now, June 1, 1925, after fully considering the prayer of the petitioner and all the facts agreed upon by counsel in the case, for the reasons heretofore set forth the prayer of the petitioner is denied.

From Henry W. Storey, Jr., Johnstown, Pa.